NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0209n.06
Filed: March 28, 2006

Nos. 05-3174 / 05-3210

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| RAY A. JOHNSON and TONI M. JOHNSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ANDREW J. HAYDEN, <br><br> Defendant-Appellee. <br><br><br> RAY A. JOHNSON, SR., and TONI M. JOHNSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

Before: NELSON, DAUGHTREY, and ROGERS, Circuit Judges.

**PER CURIAM.** These consolidated appeals arise from the same incident, the execution of a search warrant at the home of the plaintiffs, Ray and Toni Johnson. The Johnsons filed a civil rights action against FBI special agent Andrew Hayden, alleging that

Hayden committed a constitutional tort, proscribed by *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens* action"), by submitting a false affidavit in support of his application for a warrant to search the Johnsons' residence. They also filed a second complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA action"), alleging tortious conduct by the federal agents who executed the warrant. After protracted litigation, including an initial appeal to this court and a remand, *see Johnson v. Hayden*, 2003 WL 21321087 (6th Cir. June 6, 2003), the district court granted summary judgment to the defendant in each case. In the *Bivens* action, the court held that Hayden's affidavit did not contain any intentionally false or recklessly false statements but that, even if the statements in issue were held to be false, after redaction there would still be sufficient information in the affidavit to establish probable cause. Because the FTCA action depended on a finding that the search warrant was invalid, the court dismissed it as well.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaints. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum of opinion and order, entered on January 19, 2005.